IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESTIN WHITMORE,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES,<br><br>    Respondent. | HABEAS CORPUS<br>28 U.S.C. § 2255<br><br>CIVIL ACTION FILE NO.<br>1:16-CV-1128-CAP-JKL<br><br>CRIMINAL CASE NO.<br>1:14-CR-0054-CAP-JKL |

### REPORT AND RECOMMENDATION

Movant is a federal prisoner who, *pro se*, filed a motion to vacate his sentence under 28 U.S.C. § 2255. [Doc. 59].[1] In March 2015, the Court sentenced Movant to 210 months' imprisonment distribution and possession of child pornography and extortion. [Doc. 51]. Attorney Larry David Wolfe represented Movant through sentencing. The Court's docket indicates that an appeal has not been filed, and the time for doing so has expired. *See* Fed. R. App. P. 4(b)(1).

Movant claims in his § 2255 motion that Wolfe failed to follow Movant's instruction to file an appeal. (Doc. 59 at 4, 10; Doc. 59-1 at 5-12.] Movant also claims that Wolfe rendered ineffective assistance of counsel at sentencing and through his negotiation of the plea agreement. [Doc. 59 at 11-17]. Movant asks

---

[1] All citations to the record are to 1:14-cr-54-CAP-JKL.

the Court to allow him to file an out of time appeal, to reinstate his appeal rights by vacating his sentence and reimposing it with time served, and to re-sentence him without enhancements he contends do not apply to him. [*Id.* at 21].

A criminal defense lawyer has an affirmative duty to meaningfully consult with his client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal or whether the lawyer believes the appeal has any chance of success. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Thompson v. United States*, 504 F.3d 1203, 1206-07 (11th Cir. 2007). The lawyer's duties regarding appeal are strict. If a defendant instructs his lawyer to file an appeal and the lawyer does not do so, "prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).

Movant asserts that he told Wolfe to file an appeal on a number of occasions, but no appeal was ever filed. Given the importance of the appeal right as discussed in *Roe*, and its progeny, and in the interest of judicial efficiency, the Court should exercise its discretion to grant Movant an opportunity to appeal his judgment of conviction. *See* Order, *Buxton v. United States*, No. 1:08-cr-500-CAP (N.D. Ga. Aug. 11, 2011) (granting such relief on § 2255 motion).

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(I).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2001).

Accordingly, the undersigned **RECOMMENDS** that Movant's motion to vacate his conviction under 28 U.S.C. § 2255 [59] be **GRANTED** for the sole purpose of reinstating his appeal rights. To effectuate that relief, the undersigned **RECOMMENDS** that the Court, pursuant to *Phillips*,

1. **VACATE** the criminal judgment in this action;

2. **REIMPOSE** the sentence of imprisonment, supervised release, and special assessment imposed by this Court on March 26, 2015, with appropriate credit for time served; and

3. **ADVISE** Movant that: (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for *in forma pauperis* status to pursue the appeal; (c) if he so requests, the Clerk of this Court will prepare and file a notice of appeal on his behalf; (d) he

has the right to counsel on appeal and, if he cannot afford counsel, an attorney will be appointed to represent him; and (e) any notice of appeal must be filed within fourteen days of the date the Court reimposes its sentence in this case.

The undersigned **FURTHER RECOMMENDS** that the other claims in Movant's § 2255 motion be **DISMISSED WITHOUT PREJUDICE** so that Movant may reassert those claims, if necessary, after the conclusion of his appeal. *See United States v. Frank*, 353 F. App'x 305, 307 (11th Cir. 2009) ("[T]he best approach is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because collateral claims should not be entertained while a direct appeal is pending, and [o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes." (quotation marks omitted)).

**SO RECOMMENDED** this 21st day of March, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE