UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESTIN WHITMORE,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CRIMINAL ACTION NO.<br>1:14-CR-0054-CAP<br><br>CIVIL ACTION NO.<br>1:20-CV-4835-CAP |

**O R D E R**

This action is before the court on the report and recommendation ("R&R") of the magistrate judge [Doc. No. 119] and the movant's objections thereto [Doc. No. 125]. Additionally, the movant filed a motion to voluntarily dismiss his 28 U.S.C. § 2255 motion to vacate pursuant to Rule 41(a)(2) [Doc. No. 126].

**I. Motion to Dismiss**

Neither 28 U.S.C. § 2255 nor the Rules Governing Section 2255 Proceedings for the United States District Courts expressly provides for voluntary dismissals of § 2255 motions. Accordingly, the court will apply the voluntary dismissal provisions of Federal Rule of Civil Procedure 41. *See*

Rule 12 of the Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of actions and provides as follows:

> (1) By the Plaintiff.
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal—or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

Here, no counterclaim has been filed. Therefore, dismissal under Rule 41(a)(2) would be proper. The government has, however, filed a response to the motion to vacate, and the magistrate judge has analyzed the motion at length. Moreover, the reason given by the movant for his desire to dismiss his motion to vacate—his fear that the government will charge him with additional crimes and pursue a lengthier sentence than he received through the negotiated plea process—is nonsensical given that the only relief available to the movant should he prevail on the motion to vacate is withdrawal of the guilty plea and proceeding to trial.[1] Finally, the review of the R&R detailed below reveals that the motion to vacate is due to be denied. Therefore, the court finds the better course is to resolve the movant's § 2255 motion on the merits rather than to dismiss it under Rule 41(a)(2). Accordingly, the motion to dismiss [Doc. No. 126] is DENIED.

## II. Standard of Review of the Report and Recommendation

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

---

[1] Of course the government will move forward with all charges if the guilty plea is withdrawn and that brings with it the very real risk that the movant, if found guilty, could receive a sentence that far exceeds the sentence received as a result of the guilty plea.

§ 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation and internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## III. Discussion

### A. Background[2]

On February 19, 2014, the government filed a fourteen-count indictment against the movant in relation to his alleged extortion schemes involving his efforts to obtain sexually explicit images of minor girls [Doc. No. 1]. On September 24, 2014, the movant, who was represented by counsel, entered into a negotiated guilty plea to five counts of extortion charged in Counts Two, Three, Seven, Eight, and Ten, three counts of distribution of child pornography charged in Counts Four, Six, and Nine, and two counts of possession of child pornography charged in Counts Five and Eleven [Doc. Nos. 39, 39-1]. As part of the plea agreement, the government agreed to dismiss the remaining counts of the indictment, not bring any further

---

[2] The movant objects to the factual statement and procedural history set forth in the R&R [Doc. No. 125]. The crux of the objection is that the magistrate judge relied heavily on the Presentence Report ("PSR"), which contained many facts that are disputed by the movant. While the movant now contests much of what is contained in the PSR on the grounds that it is not supported by the evidence garnered in discovery and is merely hearsay, the movant did not object to the facts contained in the PSR at sentencing. He now claims that he pointed out the errors within the PSR to his defense counsel but was told by counsel that these were "minor issues." Obj. at 3 [Doc. No. 125]. To the extent that the movant alleges his counsel was deficient in failing to raise objections to the factual contents of the PSR, that claim was not raised in his motion to vacate (and would be barred by the appeal/collateral relief waiver). The movant may not raise new claims in his objections to the R&R. To the extent that the movant is objecting to the factual statement and procedural history contained in the R&R, the objection is OVERRULED.

5

criminal charges against the movant relating to the charges to which he was pleading guilty, and not seek a four-level enhancement for sadistic or masochistic conduct [Doc. No. 39-1]. Additionally, the government agreed that the movant would receive the maximum downward adjustment for acceptance of responsibility. *Id.* Finally, the government agreed to make no recommendation as to a fine. *Id.*

The parties agreed that the following Sentencing Guidelines applied to the movant: a five-point upward adjustment for engaging in a pattern activity involving sexual exploitation of a minor pursuant to U.S.S.G. § 2G2.2(b)(5); a two-point upward adjustment for the use of a computer to possess, receive, or distribute child pornography pursuant to U.S.S.G. § 2G2.2(b)(6); a five-point upward adjustment for an offense involving 600 or more images pursuant to U.S.S.G. § 2G2.2(b)(7)(D); at least a six-point upward adjustment for an offense involving distribution to a minor to persuade, induce, entice or coerce a minor to engage in illegal activity pursuant to U.S.S.G. § 2G2.2(b)(3)(D); and a three-level downward adjustment for acceptance of responsibility [Doc. No. 39-1 at 5-6].

The plea agreement did not place any lower limits on the sentence the movant could request. And finally, the plea agreement contained a waiver of

the movant's appellate and collateral rights (hereinafter "appellate waiver" or "appeal waiver"). *Id.* at 9.

According to the presentence report ("PSR") prepared by the United States Probation Service, the movant's custody guideline range was 210-262 months. *See* PSR at 23.[3] At the sentencing hearing, defense counsel argued that because this case was not a "typical" child pornography case, the movant should be sentenced under the guidelines for extortion – which are much less than for child pornography – and requested that the movant be sentenced to ninety-six months [Doc. No. 57 ("Sentencing Tr.") at 5, 57-58]. While the PSR attributed 209 videos to the movant, defense counsel argued that there were questions about the actual number of images. *Id.* at 7-8.

Also, during sentencing defense counsel made several lengthy arguments about how the court should apply the Sentencing Guidelines, argued that the court should consider that (although they were younger when the pictures were taken) at the time of the actual extortion the victims were 16, 17, and 19 years old and not prepubescent, submitted to the court twenty-two letters from the movant's friends and family who wrote on his behalf, and called on five of them to speak at the sentencing hearing. *Id.* at 17-28.

---

[3] While the movant contests many findings contained within the PSR, he does not dispute that this was the ultimate guideline range recommended to the court.

7

Finally, defense counsel hired an expert in child pornography who reviewed documents, interviewed the movant, issued a report, and testified, inter alia, that her evaluation did not indicate that the movant met the diagnostic criteria for pedophilia, that is, he does not have a "sexual interest preoccupation with prepubescent children" and thus his danger to the community is a low risk. *Id.* at 28-30.

The court sentenced the movant to 210 months of imprisonment—the lowest end of the guideline range—to be followed by a total supervised release term of life. *Id.* at 58; Judgment and Commitment [Doc. 51]. The movant did not file a direct appeal.

On March 6, 2016, the movant filed his first pro se §2255 motion to vacate his sentence in this court, in which he claimed, inter alia, that plea counsel failed to follow his instruction to file an appeal [Doc. No. 59 at 4, 10; Doc. 59-1 at 5-12]. Citing the importance of a defendant's right to appeal, the magistrate judge entered an R&R on March 21, 2017, which recommended that the § 2255 motion be granted for the sole purpose of reinstating the movant's appellate rights, and that the remaining claims be dismissed without prejudice for the movant to reassert if necessary after the conclusion of his appeal [Doc. No. 67]. On April 17, 2017, the court adopted that R&R over the government's objections [Doc. No. 73]. As a result, the judgment was

vacated, and the movant's sentence was reinstated to allow him to file an out-of-time appeal [*Id.*]. The remaining § 2255 claims were dismissed without prejudice. [*Id.*]

On May 10, 2017, the magistrate judge appointed appellate counsel for the movant [Doc. No. 86]. In the Eleventh Circuit, however, appellate counsel moved to withdraw based on *Anders v. California*, 386 U.S. 738 (1967), indicating that there existed potentially available issues but representing that those issues lacked merit. *See Whitmore*, Appeal No. 17-11753-JJ (11th Cir. 2018) (PACER). On November 13, 2017, the Eleventh Circuit granted appellate counsel's motion to withdraw and affirmed the movant's convictions and sentences [Doc. No. 98]. The Eleventh Circuit subsequently granted the movant's motion for a panel rehearing, vacated its earlier order granting counsel's motion to withdraw and affirming the movant's convictions and sentences, and directed counsel to brief the issue of whether the movant's 210-month sentence is substantively unreasonable. *Whitmore*, Appeal No. 17-11753-JJ (PACER). After the briefing was completed, the Eleventh Circuit held oral argument on May 14, 2019, and affirmed the movant's convictions and sentences on September 19, 2019. *Whitmore*, 777 F. App'x 480.

**B. Section 2255 Motion**

In the instant pro se § 2255 motion, the movant raises two claims of ineffective assistance of plea counsel which he claims rendered his plea unknowing, unintelligent, and involuntary and resulted in a disproportionately long sentence. Specifically, the movant argues that plea counsel failed to inform him of alternative options to the plea agreement he ultimately entered and failed to investigate the validity of the charges and evidence. Next, the movant claims that the government's counsel engaged in outrageous and gross misconduct. Finally, the movant contends that appellate counsel was ineffective for failing to raise all of the foregoing issues in the Eleventh Circuit [Doc. No. 105].

**1. Ineffective Assistance of Counsel**

Under the Sixth Amendment, a defendant has the right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. *Id.* at 690-92; *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000) (stating that the court may resolve an ineffective assistance claim based on either prong).

Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "[C]ounsel's conduct is presumed reasonable, [and] a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). To prove ineffectiveness, a movant must show that his attorney's representation "fell outside the wide range of professionally competent assistance." *Id.* at 1314 (internal quotation marks omitted). When evaluating an attorney's performance, the court must be highly deferential and "avoid second-guessing counsel's performance." *Id.* Moreover, when reviewing counsel's performance, the court "must evaluate the reasonableness of counsel's performance from counsel's perspective at the time," not with the distortion of hindsight. *Id.* at 1316.

Under the second *Strickland* prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### a. Plea Counsel

In the R&R, the magistrate judge finds that the movant has failed to demonstrate that plea counsel committed any act or omission related to the entry of the guilty plea that fell below the wide range of reasonable conduct; likewise, the magistrate judge points out alternatively that the movant has not shown that he was prejudiced by any of the complained of conduct.[4]  As a result, the magistrate judge concludes that the movant cannot establish ineffective assistance of plea counsel.  Furthermore, the magistrate judge determined that the record reflects the knowing and voluntary nature of the movant's plea.

In his objections, the movant objects to the magistrate judge's reliance on the transcript of the plea hearing to conclude that his plea was knowing and voluntary, arguing that the plea colloquy had nothing to do with his claims of ineffective assistance of counsel.  Instead, according to movant, the focus should be on what his attorney failed to inform him of rather than his own direct responses to the court about his willingness to enter a guilty plea and his understanding of the plea process and the charges against him.  This

---

[4] As discussed below, the magistrate judge correctly determined that the appeal waiver contained in the plea agreement precludes the movant's claims of ineffective assistance of counsel with respect to sentencing and the movant's claims of misconduct on the part of the government's counsel.

12

argument is meritless; the very purpose of a plea colloquy between a defendant and the court is to ensure that the defendant comprehends what he is agreeing to and that he is in fact doing so willingly. As set forth in the R&R, the colloquy reveals that the movant entered the plea knowingly, intelligently, and voluntarily. That the movant would prefer to focus on allegations of what his attorney failed to do does not discount the probative value of the plea colloquy as to whether the movant was knowingly, intelligently, and voluntarily entering his guilty plea. Therefore, the objection to the magistrate judge's reliance on the plea colloquy is OVERRULED.

Next, the movant objects to the magistrate judge's conclusion that he cannot show prejudice with respect to the alleged failure of his attorney to inform him of other alternatives such as an *Alford* plea, a straight up plea, or an open plea.[5] But as with his contentions in his motion to vacate, the movant continues to focus on the alleged deficient conduct—his attorney's failure to tell him about options other than entering the negotiated plea— rather than any evidence that other types of pleas would be available to him

---

[5] The movant mentions the option of proceeding to trial and claims that his attorney failed to tell him of this option. Even if this is true however, the court informed the movant of this option at his plea hearing. Plea Tr. at 7 [Doc. No. 69]. Therefore, the movant cannot make a showing of prejudice with respect to this claim.

13

or would be accepted by the court.[6] In absence of such evidence, the movant cannot prevail on an ineffective assistance claim based on the failure to inform him of plea options beyond entry of the negotiated plea. Therefore, the movant's objection is OVERRULED.

In his next objection, the movant takes issue with the magistrate judge's conclusion that had movant not accepted the government's plea offer, his sentence could have been much more severe. According to the movant, this is incorrect because had he gone to trial, he would not have been sentenced at all because he would have been found not guilty. This argument misconstrues what the magistrate judge held; the R&R's conclusion is based on what sentence could be imposed if the movant was found guilty after a trial. The magistrate judge is correct that in the event the movant was found guilty by a jury, he risked a substantially longer sentence than what he received as a result of the plea agreement. And perhaps the movant has realized this very risk as illustrated by his motion to dismiss in which he cites his fear of the government bringing more charges and seeking an even

---

[6] The movant contends that he is sole decisionmaker with respect to other types of guilty pleas and therefore the availability of such pleas or the court's willingness to accept such pleas is irrelevant. He is simply incorrect on this point.

lengthier sentence should he be allowed to withdraw his guilty plea. The movant's objection is OVERRULED.

With respect to his claim that plea counsel failed to adequately investigate the case, the movant objects to the magistrate judge's determination that the record shows that counsel did undertake a reasonable investigation in handling the movant's case. This objection, however, is based on nothing more than the movant's unsupported and speculative argument about plea counsel's reliance on his paralegal. Furthermore, the issues about which the movant complains involve the number of videos attributed to him—facts used at sentencing, not in conjunction with the guilty plea. Accordingly, the movant's objection is OVERRULED.

In response to the magistrate judge's conclusion that it is unclear what further investigation the movant alleges his counsel could have undertaken with respect to the videos on the movant's computer, the movant objects. He argues that some investigation is better than no investigation. However, he admits that his attorney, at the very least, had his paralegal review the discovery to ascertain the number of videos attributable to the movant prior to sentencing. More importantly, the movant waived his right to appeal or to collaterally attack his sentence. "A valid sentence-appeal waiver . . . precludes the defendant from attempting to attack, in a collateral proceeding,

the sentence through a claim of ineffective assistance of counsel during sentencing." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). Therefore, the movant is precluded from challenging counsel's effectiveness during sentencing. As such, the movant's objection is OVERRULED.

### b. Appellate Counsel

The magistrate judge concludes that the movant failed to demonstrate ineffective assistance of appellate counsel because appellate counsel was precluded from raising on appeal the ineffectiveness allegations the movant has now lodged against plea counsel. In his objections, the movant states that his claim against appellate counsel is not based on her failure to raise ineffectiveness claims regarding plea counsel. Rather, he asserts that he requested appellate counsel to raise the factual disputes[7] and misconduct of the government. These claims, however, were barred by the appeal waiver contained in the plea agreement. Therefore, appellate counsel cannot be ineffective for failing to raise them on appeal. The movant's objection is OVERRULED.

---

[7] Presumably, the movant is referring to his disputes with the factual content of the PSR.

### 2. Misconduct of Counsel for the Government

The magistrate judge concludes that the movant's claim regarding alleged misconduct by the government's counsel is not related to the voluntariness of the plea and therefore, has been waived. The movant objects to this conclusion and reiterates his allegations of misconduct by the government's counsel. However, because the court has determined that the plea was entered knowingly, intelligently, and voluntarily, the appeal/collateral attack waiver contained therein is enforceable. Therefore, the movant's objection is OVERRULED.

### IV. Certificate of Appealability

Section 2253 sets forth the standard a movant must satisfy to obtain appellate review of this court's disposition of his § 2255 motion to vacate:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -
>
> (A) the final order in a habeas corpus proceeding which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(1-3). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). The magistrate judge finds that the movant could not meet that standard.

In his objections to the R&R, the movant contends that he has presented multiple legitimate claims of constitutional misconduct. As set forth above, however, the movant's claims raised in his § 2255 are wholly without merit. Accordingly, the movant is denied a COA. The movant may request a circuit judge to issue a COA since this court has denied the same. Fed. R. App. P. 22 (b)(1, 2). "Under the plain language of the rule, an applicant for the writ gets two bites at the appeal certificate apple: one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge." *Jones v. United States*, 224 F.3d 1251, 1255 (11th Cir. 2000) (quoting *Hunter v. United States*, 101 F.3d 1565, 1575 (11th Cir. 1996)).

## V. Conclusion

Based on the foregoing, the movant's objections [Doc. No. 125] are OVERRULED, and the magistrate judge's R&R [Doc. 119], as reviewed herein, is ADOPTED as the order of the court.

IT IS ORDERED that the motion to vacate [Doc. 105] is DENIED, and that a COA is DENIED.

The clerk is DIRECTED to close the civil action associated with the filing of the motion to vacate.

SO ORDERED, this 9th day of November, 2021.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge
